J-S17026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK BALL | |
| Appellant | No. 810 MDA 2019 |

Appeal from the Judgment of Sentence entered April 16, 201
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000017-2016

BEFORE: PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 23, 2020**

Appellant, Frank Ball, appeals from the judgment of sentence imposed on April 16, 2019 in the Court of Common Pleas of Lackawanna County following revocation of his parole. Appellant claims the trial court abused its discretion by imposing a sentence that was inappropriately harsh and excessive. Appellant's counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and a brief in support. Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

From our review of the record, including the trial court's Rule 1925(a) opinion, we discern the following factual and procedural background.

Following a July 17, 2015 incident, Appellant was charged with making terroristic threats, stalking, and harassment on docket 16 CR 17. On

December 2, 2015, he threatened his wife, saying he would blow his brains out and not go alone. She obtained a protection from abuse order against him.

On May 10, 2016, Appellant entered a guilty plea at 16 CR 17 to the terroristic threats charge after signing a guilty plea colloquy that indicated, *inter alia*, his awareness of the maximum penalty of five years' imprisonment. The court also conducted an on-the-record inquiry to confirm that Appellant entered his guilty plea knowingly, voluntarily, and intelligently. The court accepted the guilty plea and deferred sentencing pending completion of a pre-sentence investigative report ("PSI"). On May 24, 2016, the court imposed a five-year restrictive intermediate punishment ("RIP") sentence with credit for time served and placed Appellant on three months' house arrest. Appellant, who is a veteran, was ordered to continue treatment with the VA and the Vet Center. The trial court admonished Appellant that he would face state incarceration in the event of future violations. Appellant acknowledged his understanding that he faced potential state incarceration.

Approximately three months later, while under supervision, Appellant was charged with two counts of terroristic threats as well as harassment and stalking, all stemming from posts on a Facebook page using an alias. He entered a guilty plea at 16 CR 2118 to one count of terroristic threats and one count of stalking. Again, he executed a guilty plea colloquy acknowledging his awareness of the maximum penalty of ten years' confinement. The court

again conducted an inquiry on the record to establish that Appellant's guilty plea was entered knowingly, voluntarily, and intelligently. A violation petition was filed regarding the 16 CR 17 charges and Appellant pled guilty to the Gagnon[1] violation. Sentencing was deferred pending a PSI and, on June 28, 2017, the trial court advised Appellant he was giving him one more chance. Appellant's original five-year sentence on 16 CR 17 was revoked and he was resentenced to another five-year intermediate punishment ("IP") sentence with the first six months on house arrest. At 16 CR 2118, the court imposed two years' probation on each charge.

Approximately one year later, Appellant was charged at 18 CR 2674 with one count each of terroristic threats and stalking, this time against a former co-worker. On December 19, 2018, Appellant entered a guilty plea to one count of terroristic threats. Appellant again executed a written guilty plea colloquy indicating his awareness of a potential five-year confinement and the court again conducted an on-the-record inquiry to establish that the plea was entered knowingly, voluntarily, and intelligently. The court accepted the plea and deferred sentencing pending a psychiatric evaluation and a PSI.

The court subsequently revoked Appellant's probationary sentence under 16 CR 17 and resentenced Appellant to 12 to 24 months in a state correctional institution. Under 16 CR 2118, the court revoked the earlier

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

sentences and resentenced Appellant to 12 to 24 months in a state correctional institution on Count I and nine to 36 months in a state correctional institution on Count II, consecutive to Count I and consecutive to 16 CR 17. Under 18 CR 2674, the court imposed a sentence of nine to 24 months in a state correctional institution with two years of state-supervised probation consecutive to 16 CR 17. The aggregate sentence was 42 to 108 months' state incarceration with two years' state-supervised probation.

Appellant filed a motion for reconsideration, which the trial court denied. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Counsel subsequently filed an **Anders** brief presenting one issue:

> A. Whether the sentence imposed was inappropriately harsh and excessive and an abuse of discretion.

**Anders** Brief at 4.

Before addressing the merits of Appellant's issue, we must first address counsel's request to withdraw. **Commonwealth v. Washington**, 63 A.3d 797, 800 (Pa. Super. 2013); **see also Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) ("faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted). To withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel

- 4 -

> or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).  In addition, counsel must attach to the petition to withdraw a copy of the letter sent to the client advising him of his rights.  *Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005).  Our review confirms that counsel has complied with the procedural requirements of *Anders*, as outlined in *Cartrette* and *Millisock*.

We also review counsel's *Anders* brief for compliance with the requirements set forth in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  In *Santiago*, our Supreme Court explained:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.  Based on our review, we conclude that counsel's *Anders* brief complies with *Santiago*.  Therefore, we proceed to examine the issue raised in the *Anders* brief and to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*).

- 5 -

Counsel's **Anders** brief raises the issue of whether the trial court abused its discretion by imposing a sentence Appellant contends is harsh and excessive. As such, Appellant presents a challenge to the discretionary aspects of sentence. Counsel acknowledges that an appellant must demonstrate the existence of a substantial question as to whether the sentence was appropriate. **Anders** Brief at 9.

Counsel has included the requisite Rule 2119(f) statement in support of her contention that Appellant has presented a substantial question. She concedes that "in light of [Appellant's] repeated similar criminal behavior, his refusal to participate in drug/alcohol rehabilitation, his refusal to acknowledge responsibility for his behavior, and the trial court['s] repeated breaks given to him," there may be no substantial question warranting a review of the discretionary aspects of his sentence. **Id.** Counsel nevertheless asks us to review the sentence. **Id.** We decline to do so.

As this Court explained in **Commonwealth v. Fisher**, 47 A.3d 155 (Pa. Super. 2012):

> A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). This Court's inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** Whether a substantial question has been raised is determined on a case-by-case basis; the fact that a sentence is within the statutory limits does not mean a substantial question cannot be raised. **Commonwealth v. Titus**, 816 A.2d 251, 255

(Pa. Super. 2003). However, a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim. ***Id.***

***Id.*** at 159. Here, Appellant has not demonstrated that the sentence violates "either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular norm underlying the sentencing process." ***Id.*** (quoting ***Tirado***, 870 A.2d at 365). Rather, Appellant simply suggests the sentence was harsh and excessive, noting Appellant's personal dissatisfaction with the sentence and his demand that an appeal be filed. ***Anders*** Brief at 11. Further, the trial court had the benefit of PSIs and a psychological evaluation and set forth the reasons for the sentences on the record. ***See*** Notes of Testimony, 4/16/19, at 2-9.

Appellant has failed to present a substantial question for our review. Therefore, we shall not review his sentencing claim. ***Id.***

We have conducted our independent examination of the proceedings, as required by ***Santiago*** and ***Yorgey***. Based on that examination, we agree that this appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/23/2020